IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MENDITTO, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 13 cv 02617 |
| | ) | |
| PARENT PETROLEUM RETAIL, INC., et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, PARENT PETROLEUM, INC., BP PRODUCTS NORTH AMERICA, INC. and EXXON MOBIL CORPORATION, by their attorney, WILLIAM T. RODEGHIER, submit the following memorandum in support of their previously filed Motion to Dismiss.

### THE CLASS ACTION COMPLAINT FAILS TO STATE
### A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants responded to the Class Action Complaint by filing a Motion to Dismiss pursuant to the provisions of Rule 12(b)(6), *Federal Rules of Civil Procedure*. That Rule provides, in relevant part, as follows:

> "Every defense, in law or fact, to a claim for relief in any pleading, ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:...(6) failure to state a claim upon which relief can be granted...."

This case presents the claim that the sale of a car wash ticket for a self-service car wash with a expiration date less than five (5) years from the date of sale violates the Illinois Consumer Fraud and Deceptive Business Practices Act ("Act"), 815 ILCS 505/1 *et seq*. This case involves the application of Section 2SS of the Act, 815 ILCS 505/2SS, which deals with gift certificates. Plaintiff characterizes the transaction of paying for car wash as the purchase of a "gift

certificate". That legal conclusion is the underlying linchpin of plaintiff's action, and is the subject of this motion.

Under familiar principles, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), the allegations in a complaint are to be taken as true, but legal conclusions and conclusory allegations are to be excised. The Court in *McCauley v. City of Chicago,* 671 F.3d 611,616 (7th Cir. 2011), put it succinctly:

> In reviewing the sufficiency of a complaint under the plausibility standard announced in Twombly and Iqbal, we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Iqbal, 129 S.Ct. At 1951. After excising the allegations not entitled to the presumption, we determine whether the remaining factual allegations "plausibly suggest an entitlement to relief." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. 1955. That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. Id. at 557, 127 S.Ct. 1955. If the allegations give rise to an "obvious alternative explanation," Iqbal, 127 S.Ct. 1951; Twombly, 550 U.S. at 567, 127 S.Ct. 1955, then the complaint may "stop [ ] short of the line between possibility and plausibility of 'entitle [ment] to relief,'" Twombly, 550 U.S. at 557, 127 S.Ct. 1955. Making the plausibility determination is a "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Distilled to its particulars, in support of the claim for relief the Class Action Complaint alleges that defendants sell car wash "certificates" to consumers for self-service car washes mainly at an electronic gasoline pump after fueling their vehicles, or from a store clerk inside the retail location using an electronic point of sale system. The customer is provided an electronically generated access code printed on a car wash "certificate" receipt for a specific cash value.

The pleading further asserts that these "certificates" are subject to expiration dates that

are less than five (5) years from the date of purchase, and that a valid access code is required to activate the car wash machine and receive a car wash. The complaint also asserts that if the consumer attempts to enter an expired access code, the car wash controller unit rejects the code and does not permit the customer to enter the car wash stall.

In particular, the Class Action Complaint asserts that on March 2, 2013, plaintiff was sold a car wash "certificate" with a $4.00 value at the pump of the Mobil Pride Wheaton gas station in Wheaton, Illinois. When plaintiff could not find a car wash at that location, he went into the station, asked where the car wash was located, and was informed that the car wash was located at the Pride of Carol Stream BP station. The complaint asserts that the plaintiff never would have purchased the car wash "gift certificate" if he knew it was for an offsite car wash at Pride of Carol Stream BP Gas Station. The car wash certificate stated that it was valid for 30 days, and plaintiff did not use the certificate, and it is now expired. The plaintiff's claim for relief is based on the allegations set forth above. There is no allegation that plaintiff sought a refund of $4.00 due to his disappointment.

Section 2SS of the Act, in relevant part, provides:

"Sec. 2SS. Gift Certificates.

> (a) "Gift certificate" means a record evidencing a promise, made for consideration, by the seller or issuer of the record that goods or services will be provided to the holder of the record for the value shown in the record and includes, but is not limited to, a record that contains a microprocessor chip, magnetic stripe or other means for the storage of information that is prefunded and for which the value is decremented upon each use, a gift card, an electronic gift card, stored-value card or certificate, a store card or a similar record or card. "Gift certificate" also includes a credit slip issued by a store to a consumer who returns goods that enables the consumer to receive other goods of similar value in exchange for the returned goods....

(b) On or after January 1, 2008, no person shall sell a gift certificate that is subject to: (1) an expiration date earlier than 5 years after the date of issuance:..."

Plaintiff filed his Class Action Complaint in this Court, invoking federal diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332(d)(2). Since jurisdiction is based on diversity, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), requires that the substantive law of Illinois be applied in this case. There are no reported decisions from an Illinois court applying or discussing Section 2SS of the Act. No Illinois decision has held that the sale of a car wash ticket is governed by the gift certificate provisions of Section 2SS of the Act. As such, this Court is required to construe Section 2SS of the Act from the perspective of the Illinois Supreme Court. See: *Allstate Ins. Co. v. Menards, Inc.,* 285 F.3d 630 (7th Cir. 2002).

The Illinois Supreme Court has had occasion to construe the various provisions of the Act, and has been guided by established principles of statutory construction.

> The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Bridgestone/Firestone, Inc. v. Aldridge, 179 Ill.2d 141, 149, 227 Ill.Dec. 753, 688 N.E.2d 90 (1997),* quoting *Illinois Power Co. v. Mahin, 72 Ill.2d 189, 194, 21 Ill.Dec. 144, 281 N.E.2d 222 (1978).* To do so, we examine the language of the statute, which is the most reliable indicator of the legislature's objectives in enacting the law. *Michigan Avenue National Bank v. County of Cook, 191 Ill.2d 493, 504, 247 Ill.Dec. 473, 732 N.E. d 528 (2000).* When interpreting statutes, this court gives undefined words their plain and ordinary meaning. *Granite City Division of National Steel Co. v. Illinois Pollution Control Board, 155 Ill.2d 149, 181, 184 Ill.Dec. 402, 613 N.E.2d 719 (1993).*

*Price v. Philip Morris, Inc.,* 219 Ill.2d 182, 848 N.E.2d 1, 37 (2005).

Focusing on the language on Section 2SS, there is no mention of a car wash ticket or a car wash "certificate" as being included in the definition of a "gift certificate". By its very own terms, Section 2SS pertains to gift certificates, and not to the payment for car washes. Had the

Illinois legislature wished to proscribe the transaction alleged in the Class Action Complaint, it could very easily done so, but it did not. Common sense, let alone the language of Section 2SS, would seem to indicate that payment for a car wash is not a purchase of a gift certificate. While Section 2SS describes a gift certificate as a record that goods or services will be provided to the holder for the value shown, characterizing a car wash purchase as such a record ignores that the word "record" is to be read in conjunction with "gift certificate." Otherwise, any number of "records" could be characterized as "gift certificates", such as tickets to the theater or to a baseball game.

Additionally, to be considered a gift certificate, the car wash ticket in this case must contain a promise to provide goods and services "for the value shown in the record". There is no allegation that the car wash ticket plaintiff received indicated anything other than an entitlement to car wash. It was not a certificate that contained a statement of value of $4.00 that could be exchanged for goods or services. It simply allowed plaintiff's car to be washed.

It requires but little imagination to see that a myriad of everyday transactions for future services can come within the term "record". It is only by reading "record" in conjunction with "gift certificate" that the word "record" makes sense. Plaintiff's attempt to characterize the purchase of a car wash as a record focuses on the description of "record" in isolation, ignoring that it follows and is meant to be used with the words "gift certificate" (quotation marks in the Act). Plaintiff also ignores that the "record" must contain a promise to provide goods and services "for the value shown in the record". Plaintiff thus ignores the well-established principle of statutory of construction that the statute should be construed as a whole with all relevant parts considered. See e.g., *People v. Jordan* (1984), 103 Ill.2d 192, 206, 469 N.E.2d 569. Further,

construing Section 2SS as plaintiff has violates the principle that a statute should be construed so that no word or phrase is rendered superfluous or meaningless. See, e.g., *Harris v. Manor Healthcare Corp.* 111 Ill.2d 350, 362-63, 489 N.E.2d 1374 (1986). In par. 4 of the Class Action Complaint, plaintiff purports to summarize Illinois law by stating that Section 2SS of the Act prohibits the sale of a "record". Plaintiff conveniently ignores that the "record" relates to "gift certificate", treating the words "gift certificate" as superfluous.

Construing Section 2SS of the Act to make a car wash ticket a "gift certificate" produces an absurd result. It is difficult to imagine that a person interested in getting his or her car washed is, in effect, interested in purchasing a gift certificate. Such a construction sacrifices real-world common sense to the literal, isolated application of statutory terms. Such a construction is to be rejected. See *People v. Hanna*, 207 Ill.2d 486, 800 N.E. 2d 1201 (2003).

The Class Action Complaint also alleges that the Minnesota Appeals Court held that a car wash code was subject to a Minnesota statute nearly identical to Section 2SS of the Act, and attaches as an exhibit an unpublished opinion of the Court of Appeals of Minnesota in *Wells v. Holiday Companies, Inc. et al.* The allegation is hardly a "fact" in support of plaintiff's claim. It is clear that Minnesota law has no application to this case. This case is governed by the substantive law of the State of Illinois. In any event, by Minnesota statute the *Wells* case is not precedential.[1]

In summary, the plain language of Section 2SS of the Act precludes a car wash ticket from the definition of "gift certificate". Any attempt to construe the words of the statute to

---

[1] Minn.Stat.§480A.08(c), provides "...Unpublished opinions of the Court of Appeals are not precedential...."

include a car wash ticket as a "gift certificate" violates well-known Illinois rules of statutory construction. The Class Action Complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons expressed in the Motion to Dismiss, and for reasons set forth herein, defendants respectfully request this Honorable Court to grant their Motion to Dismiss.

                                       s/William T. Rodeghier
                                       Attorney for Defendants

WILLIAM T. RODEGHIER
111 W. Washington Street
Suite 1150
Chicago, Illinois 60602
(312) 372-1155

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2013, I electronically filed the foregoing with the Clerk of the District Court, using the CM/ECF system which sent notification of such filing to the following parties:

| | |
|---|---|
| Mark Lavery<br>Lavery Law Firm LLC<br>180 N. LaSalle St., #3700<br>Chicago, IL 60601<br>847-813-7771<br>mark@laverylawfirm.com<br>Attorney for Plaintiff | Jeffrey Hyslip<br>Hyslip & Taylor LLC L.P.A.<br>225 W. Washington St., #2200<br>Chicago, IL 60606<br>312-924-2887<br>Attorney for Plaintiff |

Christopher V. Langone
207 Texas Lane
Ithaca, NY 14850
607-592-2661
Attorney for Plaintiff


                                                        s/William T. Rodeghier
                                                        Attorney for Defendants