IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVID MENDITTO, ) | |
|     Plaintiff, individually and on behalf of a Class ) | |
| ) | 13-cv-02617 |
| v. ) | |
| PARENT PETROLEUM RETAIL, INC., BP AMERICA INC., and ) | |
| EXXON MOBIL CORPORATION, ) | |
|     Defendants, ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Defendants sell car washes at the pumps at a gas station where no car wash is located. Defendants' car wash certificates are valid for car washes at a different gas stations. Defendants sell car wash certificates that become worthless if not redeemed at the other station with a car wash within a month. Defendant's practice of selling car wash certificates with short expiration dates at Mobil and BP fuel stations violates the Illinois Consumer Fraud and Deceptive Practices Act (ICFA). The ICFA protects consumers and prevents unfair forfeitures by outlawing the sale of certificates with expiration dates of less than five years. Plaintiff and other class members have suffered damages through forfeiture of money paid for unredeemed car wash certificates that expired before the statutory five-year period.

### ARGUMENT

**I. A certificate purchased for consideration, entitling the holder to value for car wash services at an affiliated location at an undetermined time, is a "gift certificate" under Sec. 2SS of the Illinois Consumer Fraud and Deceptive Business Practices Act.**

Section 2SS of the Illinois Consumer Fraud and Deceptive Business Practices Act places restrictions on the conditions that businesses may impose upon "gift certificates,"

1

including but not limited to the requirement that such certificates expire no earlier than five years after the dates upon which they are purchased. Defendant does not dispute that the car wash gift certificate it sold to Mr. Menditto expired only 30 days after the date of purchase, a full 1,795 days earlier than is allowed under the ICFA. Rather, Defendant's only challenge to Mr. Menditto's claim is that its certificate, a record purchased for consideration entitling him to services worth $4.00 at a time and place of his choosing, is somehow not a "gift certificate" under the plain language of Sec. 2SS.

As Defendant has cited in its Motion to Dismiss, Sec. 2SS of the ICFA provides in relevant part:

> (a) "Gift certificate" means a record evidencing a promise, made for consideration, by the seller or issuer of the record that goods or services will be provided to the holder of the record for the value shown in the record and includes, **but is not limited to**, a record that contains a microprocessor chip, magnetic stripe or other means for the storage of information that is prefunded and for which the value is decremented upon each use, a gift card, an electronic gift card, stored-value card or certificate, a store card or a similar record or card. [Emphasis added].

Thus, the plain language of the Act defines as a "gift certificate" any certificate promising future services of a specific value in exchange for consideration. The ICFA does not place any sorts of restrictions on the types of records or promises that qualify as "gift certificates." Nor does it prohibit issuers such as the Defendant from placing restrictions on the type of services redeemable with a gift certificate, so long as the services are of the value shown on the record. The fact that the certificate entitles the holder to $4.00's worth of car wash only is irrelevant to the application of Sec. 2SS so long as the certificate indicates that its value is $4.00.

2

Contrary to Defendant's assertion that no authority exists on the types of records found to be "gift certificates", a car wash certificate has been found to be a "gift certificate" under a similar law in Minnesota. *Wells v. Holiday Cos., Inc.*, 2013 Minn. App. Unpub. LEXIS 192 (Minn. App. 2013). The Minnesota Court of Appeals provides strong persuasive authority. The proper outcome in this case, like in the Minnesota case, is denial of the motion to dismiss under Rule 12.

Defendant presents no authority to support its supposition that a certificate sold at one location by one vendor, entitling the purchaser to $4.00 of value for a car wash *at a different location by a different vendor*, is not a "gift certificate" under the plain language of Section 2SS. Indeed, Defendant concedes that no such authority exists. Rather, it argues that its car wash certificates are not "gift certificates" because the legislature did not intend admission tickets to theaters or sporting events to be "gift certificates" (although Defendant provides no citations to legislative history, nor to any other authority, indicating that such tickets cannot be "gift certificates" provided they satisfy the specific statutory requirements of Sec. 2SS). This argument ignores key characteristics of the certificates at issue in this case: the certificate here did not entitle Mr. Menditto to a car wash at a specific time and place, as an admission ticket would. Instead, it entitled him to a car wash at *any affiliated location*, *at any time he wished*, subject only to the illegal 30-day restriction. Considering Defendant's own questionable comparison using *sound* logic, the distinction is clear: an admission ticket to a specific Chicago Cub's game, on a specific date, might not be a "gift certificate"; however, a certificate entitling the holder to attend any one Cub's game in a 30-day period, as

3

Defendant's certificates do with car washes, would *absolutely* be a "gift certificate" under the Act.

Furthermore, Defendant's statutory construction arguments are meritless. Defendant ignores clearly established Illinois precedent that the statutory terms of the ICFA are to be construed liberally in favor of consumers and against unfair forfeiture per Illinois policy. It is widely recognized that "an ICFA claim should be construed liberally in order to provide the broad range of protection that the ICFA contemplates." *Szwebel v. Pap's Auto Sales, Inc.*, 2003 U.S. Dist. LEXIS 13044. Defendant first argues that because Sec. 2SS does not contain the words "car wash," a certificate entitling the holder to the service of a car wash, valued at $4.00 and given in return for monetary consideration, cannot be a "gift certificate" under the Act. Such an absurd interpretation of the Act would completely frustrate its legislative purpose, and is *explicitly* foreclosed by the plain language of the statute. Under Defendant's interpretation, *no* gift certificates except those exchangeable for cash would fall under the Act. Reading such a restriction into the Act where no explicit statutory language exists to support it not only ignores the requirements that ICFA claims must be construed liberally, but blatantly violates the principle set forth in *Price v. Philip Morris, Inc.,* that the plain and ordinary meaning of the language of a statute is "the most reliable indicator of the legislature's objectives in enacting the law." 219 Ill.2d 182, 848 N.E.2d 1, 37 (2005).

Defendant's motion appears to argue that finding its certificates to be "records" of promises for future services in exchange for consideration would violate the principle that a statute should be construed so that no word or phrase is rendered superfluous or

meaningless, simply because it claims that its records are not gift certificates. This reasoning is completely circular. The term "record" *defines* the term "gift certificate" under the Act. Not *all* "records" in the world are gift certificates. Only "records" that reflect promises to deliver goods or perform services of a specific value, purchased for consideration, are "gift certificates." Here, as stated many times before, Defendant issued a written "record" to Mr. Menditto, promising services valued at $4.00 to be redeemed at some point in the future, in exchange for consideration. This "record" is clearly a "gift certificate" under the plain language of Sec. 2SS. The Minnesota Appellate Court adopted this reasoning when it ruled that the Minnesota plaintiff who bought a car wash certificate with a short expiration date stated a claim under the Minnesota "gift certificate" consumer protection law. *Wells v. Holiday Cos., Inc.*, 2013 Minn. App. Unpub. LEXIS 192, *6-10 (Minn. App. 2013).

**II. Defendants have failed to address any aspect of the broader Section 2 ICFA violation alleged in the complaint.**

While Defendant argues that it should escape liability for its unfair practices because it does not believe its car wash certificates - evidencing promises to render future services of a specified value – are "gift certificates" under Section 2SS of the ICFA, it raises no opposition whatsoever to Plaintiff's allegation that the unfair forfeiture caused by Defendant's expiring car wash certificates renders the practice unfair under the Illinois CFA regardless of Section 2SS. Arguments not raised and properly supported are waived. *Goffron v. Astrue*, 859 F. Supp. 2d 948, 958 (N.D. Ill. 2012) citing *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011)(explaining that arguments made for the first time in a reply brief are waived).

Because neither fraud nor mistake is an element of unfair conduct under Illinois' Consumer Fraud Act, a cause of action for unfair practices under the Consumer Fraud Act need only meet the notice pleading standard of FRCP 8(a), not the particularity requirement in FRCP 9(b). Therefore, under federal notice pleading standards, the complaint for an unfair practices ICFA claim need only provide a short and plain statement of the claim that shows, through its allegations, that recovery is plausible rather than merely speculative. See *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 670 (7th Cir. 2008)(reversing dismissal of ICFA unfair practices claim).

As stated in Plaintiff's Complaint, the Illinois Consumer Fraud Act "is a regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices." In interpreting unfair conduct under the Consumer Fraud Act, Illinois courts look to three considerations of whether conduct is unfair under the Consumer Fraud Act: "(1) if it offends public policy as established by statutes, the common law or otherwise, or in other words, whether it is at least within the penumbra of some established concept of unfairness (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." *Johnson v. PS Illinois Trust,* 2005 U.S. Dist. LEXIS 17769, *citing Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960-61 (Ill. 2002). A court may find unfairness even if the claim does not satisfy all three criteria. *Id.*

Specifically, Illinois public policy strongly disfavors consumer forfeiture such as the kind occurring in this case, where a consumer has paid for a service in advance and no legal justification exists to deny him that service. Similarly, in *Johnson v. PS Illinois Trust*, the Court found the sale - without legal justification - of a consumer's goods in satisfaction of a self-storage lien to be an "unfair" and "oppressive" forfeiture giving rise to an ICFA claim. Illinois policy's hostility to these forfeitures as to consumers has been repeatedly recognized. *See Raffel v. Medallion Kitchens of Minnesota, Inc.*, 139 F.3d 1142, 1145 (7th Cir. 1998) (holding that "forfeitures or penalties are disfavored under Illinois law."); *First Nat. Bank and Trust Co. of Evanston v. First Nat. Bank of Skokie*, 533 N.E.2d 8, 14, (Ill.App. Ct. 1988) (recognizing the well-established principle that "the law abhors a forfeiture and will not enforce a forfeiture clause in a contract if an injustice would result therefrom").

Plaintiff's Complaint clearly states two separate grounds upon which Defendant's conduct is offensive to Illinois public policy and thus a violation of the ICFA: 1) as an explicit violation of policy underlying Section 2SS; and 2) as an unfair consumer forfeiture strongly offensive to Illinois public policy. [Complaint at 47]. This is a case where a consumer paid cash consideration for future services valued at $4.00, only to learn after his purchase that he would be unable to redeem those services at the fuel station where he was sold the certificate; and then he would forfeit the value of those services after short period of time. This is a putative class action case where consumers pay cash consideration to secure a written instrument guaranteeing services of a specified value, only to see that value vanish due to Defendants' arbitrary expiration policy.

Consumers were, and are still being, forced to forfeit the pre-paid value of their car wash certificates for no good moral or legal reason. This is precisely the type of unjustified consumer forfeiture strongly prohibited under Illinois public policy. Defendant's unfair, undisclosed-until-after-sale, expiration policy thus constitutes an oppressive practice that gives rise to an ICFA claim even if Section 2SS specifically addressing "gift certificates" is discounted entirely (though the gift certificate provisions do obviously independently apply). Although Defendant is without a doubt in violation of Section 2SS, it would liable under the general ICFA unfairness prohibitions of Section 2 regardless of its existence.

### III. Conclusion

Wherefore, Plaintiff requests that the Court allow Plaintiff to move forward to enjoin Defendants' unlawful practice and obtain restitution for consumers who were sold car wash certificates with short expiration dates. Plaintiff respectfully requests that this Court adopt the persuasive authority of the Court of Appeals of Minnesota from the *Wells* case and deny this motion to dismiss. *Wells v. Holiday Cos., Inc.*, 2013 Minn. App. Unpub. LEXIS 192, *6-10 (Minn. App. 2013).

Respectfully Submitted Plaintiff,

__/s/__Mark_T_Lavery_____
By One of His Attorneys

Mark Lavery
Lavery Law Firm LLC
180 N. LaSalle, Suite 3700
Chicago, IL 60601

Jeffrey Hyslip
Hyslip & Taylor LLC L.P.A.
225 W. Washington Street, Suite 2200
Chicago IL 60606

Christopher V. Langone
207 Texas Lane
Ithaca, NY 14850