IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MENDITTO, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 13 cv 02617 |
| | ) | |
| PARENT PETROLEUM RETAIL, INC., et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, PARENT PETROLEUM, INC., BP PRODUCTS NORTH AMERICA, INC. and EXXON MOBIL CORPORATION, by their attorney, WILLIAM T. RODEGHIER, submit the following reply memorandum in support of their previously filed Motion to Dismiss.

## THE CLASS ACTION COMPLAINT FAILS TO
## STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In arguing that the purchase of a ticket for a car wash is really a "gift certificate" under Section 2SS of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Act"), plaintiff asserts that the plain language of the Act defines as a "gift certificate" any certificate promising future services of a specific value in exchange for consideration. (Emphasis added) (Response, p. 2). This assertion suits plaintiff's purposes, but is incorrect, ignores the statutory language, and ignores the well-recognized rules of construction employed by the Illinois Supreme Court in interpreting statutory provisions under the Act.

As defendants pointed out in their opening brief, the language of the Act itself (Section 2SS), the most reliable indicator of legislative intent, indicates that a car wash ticket is not a gift certificate. By its own terms, Section 2SS pertains to gift certificates, not to tickets for future

services. The word "record" in Section 2SS is the grammatical object of the verb "means", the subject of which verb is "Gift certificate". Had the legislature wanted to define a "gift certificate" as "any" certificate it could have. It did not, and the plain and ordinary meaning of the words the Illinois legislature employed evidences that Section 2SS applies to what is commonly understood as a gift certificate, and not a ticket for a car wash.

Plaintiff's attempts to distinguish a car wash ticket from other tickets enabling the holder to future service are unavailing. Under plaintiff's pervasive view, "any certificate providing future services of a specific value in exchange for consideration" is subject to Section 2SS of the Act and renders a car wash ticket a gift certificate. Such a construction also renders tickets to a future baseball game, tickets to next Sunday's symphony, or food tickets for the Taste of Chicago gift certificates within the purview of Section 2SS. The plain and ordinary meaning of the words of Section 2SS indicates that such tickets are not gift certificates. No resort to legislative history is needed, as plaintiff suggests, to determine that meaning, because the unambiguous language of the statute evidences the legislature's intent. See, e.g., *County of DuPage v. Illinois Labor Relations Board,* 224 Ill.2d 1, 13 (2007).

While the Act itself is to be liberally construed to effect its purposes, 815 ILCS 505/11a, that doesn't mean that the Act should be construed in contravention of accepted principles of statutory construction. The Illinois Supreme Court has not shied from applying the well-recognized canons of statutory construction in interpreting the Act. In *Price v. Philip Morris, Inc.,* 219 Ill.2d 182, 848 N.E.2d 1, 38 (2005), cited by both parties, the court employed the same, familiar, "plain and ordinary meaning of the language" rule to hold that Section 10b(1) of the Act exempted cigarette companies from liability for conduct otherwise subject to the Act, despite the

mandate to construct the Act liberally to effect its purposes.

The plaintiff's interpretation of the language of Section 2SS produces an absurd result which the recognized rules of construction are designed to prevent. In *People v. Hanna,* 207 Ill.2d 486, 800 N.E.2d 1201 (2003), cited in the opening brief, the Illinois Supreme Court explained the history and importance of the rule:

> "The principle that statutory language should not be construed to produce an absurd result is a deeply rooted one. Over 130 years ago, the United States Supreme Court interpreted a statute which, under its plain terms, made it illegal in all instances to obstruct the passage of mail or a mail carrier. The Court held that the statute did not apply to a sheriff who executed an arrest warrant against a mail carrier while he was delivering mail. In so holding, the Court cited two instances, both centuries old, where the plain language of a law was not followed because doing so produced an absurd result:
>
>> "The common sense of man approves the judgment mentioned by Puffendorf, that the Bolognian law which enacted, 'that whoever drew blood in the streets should be punished with the utmost severity,' did not extend to the surgeon who opened the vein of a person that fell down in the street in a fit. The same common sense accepts the ruling, cited by Plowden, that the statute of 1st Edward II, which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire– 'for he is not to be hanged because he would not stay to be burnt.'" *United States v. Kirby,* 7 Wall. 482, 74 U.S. 482, 487, 19 L.Ed. 278, 280 (1868)."

The plaintiff urges the Court to adopt the reasoning of the Minnesota Appellate Court in an unpublished decision in *Wells v. Holiday Cos., Inc.* That decision, which forms the basis for the arguments of the plaintiff and undoubtedly prompted the filing of the Complaint in this case, has no application here. As pointed out in the opening brief, and not contested in the plaintiff's response, this case is governed by the substantive law of Illinois under *Erie R.R. Co. v. Tompkins,* and not the decision of a foreign court with no precedential value.

Defendants waived no argument that the Complaint fails to state a claim under the "unfair practices" provision of the Act. The Complaint is brought in one count alleging that defendants' conduct in selling car wash tickets violates the Act. The same arguments with regard to the gift certificate claim pertain to the unfair practice contention.

Plaintiff contends the Complaint should not be dismissed because plaintiff paid $4.00 for a car wash ticket, learned that the facility for washing the car was at a different location, failed to get his car washed within 30 days after his purchase, and that the defendants' conduct in this regard results in a forfeiture and is "oppressive" such that a violation of the Act occurred.

In support of his contention, plaintiff points to *Johnson v. PS Illinois Trust*, 2005 U.S. Dist. LEXIS 17769. The facts of the *Johnson v. PS Illinois Trust* are substantially different from the facts alleged in the Complaint in this case. In *Johnson* the plaintiff had a contract with defendant to store her possessions in a storage locker. When the plaintiff fell two payments behind she received a letter from defendant informing her that she had until January 3 to pay in full and to prevent the defendant from auctioning off her possessions in the storage locker. Plaintiff claimed that she paid part of the past due amount in cash on January 2, and that the defendant refused to accept her check for the balance. She was told to return the morning of January 3 to pay the remainder. After telephoning the defendant that she was on her way with the remainder of the past due amounts, she arrived but was told that her possessions had already been auctioned off.

The district court concluded that, under the circumstances of that case, a forfeiture occurred and that if a trier of fact found that the defendant did not have a legal right to sell plaintiff's personal property, then the sale of her property would be a drastic measure. The court

noted that because the defendant had exclusive control over plaintiff's property, to sell her property without legal justification and deprive her of any further opportunity to recover the property would be an oppressive act, in that such a sale and unfair conduct can wreak havoc on the lives of consumers. The district court denied the defendant's motion for summary judgment on the claim under the Act.

The circumstances that led the court to find a forfeiture and oppressive conduct in violation of the Act in *Johnson* are not present in this case. The district court in *Johnson* analyzed the facts alleged to be violative of the Act under the standards set forth in *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d 403, 775 N.E. 2d 951, 961 (2002):

> . . ."(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers."

As noted in the opening brief, the conduct of the defendants as alleged in the Complaint does not amount to a violation of the Act. When plaintiff purchased a car wash ticket, he was not buying a gift certificate enabling him to purchase $4.00 worth of goods and services such as a gallon of gasoline or a box of candy. He bought a ticket which entitled him to a car wash – a service usually sought and obtained when one's car is dirty and in need of a cleaning. Defendants assumed no control over plaintiff's car wash ticket. Rather plaintiff was entirely in control of the ticket. Plaintiff chose not to exercise his right to get his car washed within 30 days. There is no allegation that defendants did anything to prevent plaintiff from getting his car washed within the 30 days. There is nothing unfair or unreasonable about limiting a car wash ticket to a 30-day period. Common sense suggests that the purchase of a car wash is usually associated with some degree of immediate need or urgency - - the car is dirty and needs washing.

When plaintiff failed to use his car wash ticket, there was no more a forfeiture than an unused game ticket or an unused food ticket for Taste of Chicago.

When measuring the conduct of the defendants against the standards set forth in *Robinson,* it is clear there can be no violation of the Act. Given the nature of a car wash service, the sale of a car wash ticket with a 30-day expiration period can hardly be said to offend public policy. There is nothing about the transaction that is immoral, unethical, oppressive or unscrupulous. It does not cause substantial injury to consumers. The Class Action Complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons expressed in the Motion to Dismiss, for the reasons set forth in the Memorandum in Support, and for the reasons set forth herein, defendants respectfully request this Honorable Court to grant their Motion to Dismiss.

/s/ William T. Rodeghier
Attorney for Defendants

WILLIAM T. RODEGHIER
111 W. Washington Street
Suite 1150
Chicago, IL 60602
(312) 372-1155

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June, 2013, I electronically filed the foregoing Defendants' Reply Memorandum in Support of Motion to Dismiss with the Clerk of the District Court, using the CM/ECF system which sent notification of such filing to the following parties:

Mark Lavery
Lavery Law Firm LLC
180 N. LaSalle St., #3700
Chicago, IL 60601
847-813-7771
mark@laverylawfirm.com
Attorney for Plaintiff

Jeffrey Hyslip
Hyslip & Taylor LLC L.P.A.
225 W. Washington St., #2200
Chicago, IL 60606
312-924-2887
Attorney for Plaintiff

Christopher V. Langone
207 Texas Lane
Ithaca, NY 14850
607-592-2661
Attorney for Plaintiff

    s/William T. Rodeghier
Attorney for Defendants