IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MENDITTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 CV 2617 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| PARENT PETROLEUM RETAIL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants Parent Petroleum Retail, Inc., BP Products North America, Inc., and Exxon Mobil Corporation's Motion to Dismiss [17] is denied.

## STATEMENT

Before the Court is Defendants Parent Petroleum Retail, Inc., BP Products North America, Inc., and Exxon Mobil Corporation's (collectively, "Defendants") motion to dismiss Plaintiff David Menditto's ("Plaintiff") putative class action complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "simple, concise, and direct" allegations, id. at 8(d)(1). Rule 8 does not require "'detailed factual allegations,'" but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This short and plain statement must provide the defendants with fair notice of the claim and the grounds for relief. Twombly, 550 U.S. at 555 (citation omitted). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556).

Defendants sell car wash tickets for self-service car washes at their various gas station locations. Tickets can be purchased along with the purchase of gasoline at the fuel pump or from the clerk inside the station. An access code necessary to gain entrance to the car wash is printed on the customer's receipt after the purchase. The receipt indicates that the code expires after thirty days. Plaintiff alleges that the thirty day expiration date violates the Illinois Consumer Fraud and Deceptive Businesses Act ("ICFA") which states that "no person shall sell a gift certificate that is subject to an expiration date earlier than 5 years after the date of issuance." 815 Ill. Comp. Stat. 505/2SS(b). Defendants argue that Plaintiff fails to state a claim because, as a matter of law, car wash tickets are not "gift certificates" as defined by the statute. Pursuant to ICFA, a "gift certificate" is defined as:

> a record evidencing a promise, made for consideration, by the seller or issuer of the record that goods or services will be provided to the holder of the record for the value shown in the record and includes, but is not limited to, a record that contains a microprocessor chip, magnetic stripe or other means for the storage of information that is prefunded and for which value is decremented upon each use, a gift card, an electronic gift card, stored-value card or certificate, a store card or a similar record or card. "Gift certificate" also includes a credit slip issued by a store to a consumer who returns goods that enables the consumer to receive other goods of similar value in exchange for the returned goods. For purposes of this Act, the term "gift certificate" does not include any of the following: (i) prepaid telecommunications and technology cards including, but not limited to, prepaid telephone cards, prepaid technical support cards, and prepaid internet disks that are distributed to or purchased by a consumer; (ii) prepaid telecommunications and technology cards including, but not limited to, prepaid telephone cards, prepaid technical support cards, and prepaid internet disks that are provided to a consumer pursuant to any award, loyalty, or promotion program without any money or other thing of value being given in exchange for the card; or (iii) any gift certificate usable with multiple sellers of goods or services.

815 Ill. Comp. Stat. 505/2SS(a).

In arguing that a car wash ticket is a "gift certificate," Plaintiff relies on a nearly identical suit out of the Minnesota state court, Wells v. Holiday Companies, Inc., No. A12-1476, 2013 Minn. App. Unpub. LEXIS 192 (Minn. App. Ct. Mar. 4, 2013). In Wells, the lower court dismissed the plaintiff's complaint, finding that a car wash ticket is not a gift certificate based on a Minnesota statute that is substantially similar to the ICFA. Id. at *2-3. The Court of Appeals of Minnesota reversed the dismissal, finding that, "[o]n the limited record that can be considered in the context of rule 12, we conclude that Well's complaint is sufficient to support a claim that Holiday's car-wash receipts are gift certificates subject to the statutory prohibition on expiration dates and that the district court erred by dismissing the complaint for failure to state a claim on which relief can be granted." Id. at *9. While only persuasive, the Court agrees that the issue is premature at this stage in the proceedings. The Court declines Defendants' invitation to determine the merits of this case on a Rule 12(b)(6) motion. See Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). Based on the allegations in Plaintiff's complaint, it is plausible that Defendants' car wash tickets are "gift certificates" as defined by the Illinois statute.

For the foregoing reasons, Defendants' motion to dismiss is denied.

IT IS SO ORDERED.

ENTER:

*Charles R. Norgle* (signature)

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: November 4, 2013