IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MENDITTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 CV 2617 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| PARENT PETROLEUM RETAIL INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is dismissed for want of jurisdiction. Motion of Defendant ExxonMobil Corporation for Partial Summary Judgment [66] is denied as moot. Motion of Defendant Parent Petroleum Retail Inc. for Partial Summary Judgment [67] is denied as moot. Defendant BP Products North America, Inc.'s Motion for Partial Summary Judgment [70] is denied as moot. Plaintiff's Motion for Partial Summary Judgment [84] is denied as moot.

## STATEMENT

Plaintiff David Menditto ("Plaintiff"), on behalf of a putative class, alleges that Parent Petroleum Retail Inc., ExxonMobil Corporation, and BP Products North America, Inc. ("Defendants") deceived consumers in Illinois by selling car wash access codes that expire in less than five years at their gas stations, a violation of the Illinois Consumer Fraud Act ("IFCA"). The IFCA forbids, *inter alia*, any person from selling a "gift certificate" that expires within five years of issuance, see 815 Ill. Comp. Stat. 505/2SS, and Plaintiff contends that the car wash access codes qualify as a gift certificate. Before the Court are the parties' cross-motions for partial summary judgment under Federal Rule of Civil Procedure 56. Because Plaintiff has failed to establish that the federal court has subject matter jurisdiction over this litigation, the Court is without authority to decide the Rule 56 motions. Accordingly, the Court does not reach the merits of the parties' arguments and this case is dismissed.

Plaintiff filed his Complaint on April 8, 2013. Defendants filed a Rule 12(b)(6) motion, arguing that Plaintiff's Complaint failed to state a claim, but did not address the Court's jurisdiction. The Court denied Defendants' motion, stating, *inter alia*, that it "decline[d] Defendants' invitation to determine the merits of the case." Order, Doc. No. 31 (Nov. 4, 2013). The parties then proceeded with discovery before the assigned magistrate judge. The deadline to complete all fact discovery was August 29, 2014. Afterwards, Plaintiff filed an Amended Complaint. Plaintiff has yet to achieve class certification under Rule 23. Both parties now move for summary judgment under Rule 56 and spend the entirety of their motions arguing about whether the purchase of a car wash access code constitutes a "gift certificate." However, this case can proceed no further without this Court determining the threshold issue of whether it has subject matter jurisdiction over this lawsuit.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." Travelers Prop. Cas. v. Good, 689 F.3d 714, 722 (7th Cir. 2012) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

Plaintiff's lawsuit does not allege that Defendants violated federal law; only Illinois state law— namely the IFCA, 815 Ill. Comp. Stat. 505/2, *et seq.*—so, this Court does not have jurisdiction pursuant to a federal question, 28 U.S.C. § 1331. Neither does Plaintiff attempt to establish jurisdiction under diversity of citizenship pursuant to 28 U.S.C. § 1332(a); nor could he, because Plaintiff is a citizen of Illinois and Defendant Parent Petroleum Retail, Inc.'s principal place of business is also in Illinois. See Am. Class Action Compl. ¶¶ 1, 4; see also Pl.'s and Defs.' Joint Statement of Undisputed Facts at ¶¶ 1, 3. Instead, Plaintiff brought this lawsuit in federal court pursuant to the "Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)." Am. Class Compl. ¶ 5. Plaintiff's Amended Complaint easily satisfies the minimal diversity requirement under the Class Action Fairness Act ("CAFA")—which requires that "at least one class member has a citizenship different from at least one defendant," Myrick v. Wellpoint, Inc., 764 F.3d 662, 664 (7th Cir. 2014)—because Exxon's and BP's principal places of business are not in Illinois.

> Yet, minimal diversity is not the end of the jurisdictional test:
> CAFA provides the federal district courts with "original jurisdiction" to hear a "class action" if the class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (d)(5)(B). To "determine whether the matter in controversy" exceeds that sum, "the claims of the individual class members shall be aggregated." § 1332(d)(6). And those "class members" include "persons (named or unnamed) who fall within the definition of the proposed or certified class." § 1332(d)(1)(D).

Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1348 (2013) (original emphasis omitted); see also Myrick, 764 F.3d at 664. Simply stated another way, class actions that do not meet the 100 member or the $5,000,000 amount in controversy thresholds are not entitled to be filed in federal court.

Here, Plaintiff proposes that the class would be comprised of: "All individuals who were sold a car wash access code with [sic] expiration date shorter than five years from a BP-, Exxon Mobil-, or Parent Petroleum Retail- associated retail outlet in Illinois since March 2, 2010." Am. Class Compl. ¶ 103. The "precise number of members is unknown to Plaintiff," but he suspects that the proposed "class includes thousands" and the actual amount is "likely to be known by Defendants." Id. at ¶ 104. Plaintiff amended his Complaint after the conclusion of discovery, but his Amended Complaint does not add or name any additional plaintiffs. The Amended Complaint still just includes himself, which is not enough to establish jurisdiction pursuant to § 1332(d)(5)(B). See Anderson v. Bayer Corp., 610 F.3d 390, 392 (7th Cir. 2010) (finding no federal jurisdiction under CAFA in four cases where ninety-nine plaintiffs were named, but federal jurisdiction existed in the related fifth case where the plaintiffs accidentally pleaded one hundred named plaintiffs). Plaintiff need not name one hundred individual plaintiffs in his complaint, but some evidence of numerosity needs to be submitted, i.e. an affidavit or declaration, regarding the number of potential class members that may exist. The parties' joint

Local Rule 56.1 Statement of Undisputed Facts does not discuss any members of the class; it only presents facts surrounding Plaintiff's car wash purchase. Additionally, Plaintiff has not been granted class certification in this lawsuit under Rule 23. From the evidence before the Court, it appears that Plaintiff represents a class of one. This lawsuit does not meet the one hundred class member requirement under CAFA.

Regarding the threshold dollar amount, the first sentence of Plaintiff's Amended Complaint says that he is "seeking more than $5,000,000 in restitution, disgorgement, exemplary damages, injunctive and equitable relief," but he has done little to allege, much less show, how he will prove that amount of damages if he were ever allowed to go to trial. Am. Class Compl. at 1. Plaintiff's case arises from his advanced payment for a $4.00 car wash—a far cry from $5,000,000 in damages. While this case has been active in federal court for almost two years, Plaintiff has not produced evidence to support a damage claim in excess of $5,000,000. Even assuming that Plaintiff could certify a class composed of 100 or more members, the Court "cannot say beyond mere speculation, however, whether those damages, if they are awarded, would be more than $5 million." DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 277 (2d Cir. 2006). Plaintiff fails to show how this lawsuit meets the amount in controversy threshold under CAFA.

In conclusion, Plaintiff has failed to demonstrate that this putative class action includes more than 100 members and the amount in controversy exceeds $5,000,000. Federal jurisdiction does not exist under CAFA, or any other means. Accordingly, the Court dismisses this case for want of jurisdiction.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 30, 2015